IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIK KHAN,

    Plaintiff,

  v.                                                                       No. CV 15-1151 MV/SMV

CHRIS BARELA, ELVA BRIGHT,
GORDON DEVEREAUX, BILL STICKLES,
FNU BEAM, JUSTIN PORTER,
VICKI HOOSER, CHERYL ROACH,
JASON DURAN, TAMMY RUSH, and
DOÑA ANA COUNTY,

    Defendants.

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Plaintiff's Motion for Appointment of Counsel [Doc. 9], filed on December 17, 2015. Plaintiff is incarcerated and proceeding pro se in this 42 U.S.C. § 1983 action. He presents a well-organized and thorough request for appointment of counsel. He argues that his claims are meritorious, the investigation required to develop the case would be beyond his abilities, and he anticipates conflicting factual accounts from witnesses. Additionally, he hopes to certify the case as a class action. Although he reports being "very educated and capable to present complex issues," *id.* at 6, he anticipates that the nature of a class action, his depression and ADHD, his limited access to legal materials, and as he sees it, the complexity of the case, warrant appointment of counsel. Finally, Plaintiff reports that he has not been successful in finding an attorney on his own. [Doc. 9].

United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In

certain exceptional circumstances, a court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).  Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted).

Plaintiff's Motion is comprehensive, but nevertheless, the Court is not convinced that his underlying claims are sufficiently meritorious or complex to warrant requesting the voluntary assistance of counsel.   Moreover, thus far, Plaintiff has been presenting his claims quite ably.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Appointment of Counsel [Doc. 9] is **DENIED** at this time.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**