# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**ERIK KHAN,**

    **Plaintiff,**

  v.                                                                        No. 15-cv-1151 MV/SMV

**CHRIS BARELA, ELVA BRIGHT,**
**GORDON DEVEREAUX, BILL STICKLES,**
**FNU BEAM, JUSTIN PORTER,**
**VICKI HOOSER, CHERYL ROACH,**
**JASON DURAN, TAMMY RUSH, and**
**DOÑA ANA COUNTY,**

    **Defendants.**

## ORDER STRIKING COMPLAINT, SUPPLEMENTAL EXHIBITS AND ADDENDA; DIRECTING FILING OF AMENDED COMPLAINT; AND DENYING MOTION TO AMEND AS MOOT

      THIS MATTER is before the Court sua sponte pursuant to Rules 12(e) and 12(f)(1) of the Federal Rules of Civil Procedure.  The Court will strike Plaintiff's Complaint and Supplements to Complaint [Doc. 1], Exhibits to Complaint [Doc. 2], Supplemental Exhibits to Complaint [Doc. 7] and Addendum to Complaint [Doc. 15] as vague, ambiguous, redundant, and immaterial.  The Court will further order the filing of an amended complaint that complies with the Federal Rules of Civil Procedure and the Local Rules of the Court.  Last, the Court will deny Plaintiff's Motion to Amend or Supplement Complaint [Doc. 17] as moot in light of the Court's striking of the Complaint and order to file an amended complaint.

      Plaintiff is incarcerated and proceeding pro se.  The Court must liberally construe a pro se litigant's pleadings and hold them to a less stringent standard than those prepared by a lawyer.

*Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). However, a pro se litigant must follow the same rules of procedure that govern other litigants. *Okla. Gold & Federated Numismatics, Inc. v Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994).

Rule 12(e) of the Federal Rules of Civil Procedure permits the Court to order a more definite statement where a complaint is so vague or ambiguous that an opposing party cannot reasonably prepare a response. Fed. R. Civ. P. 12(f) provides that the Court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. Rule 8 requires that a complaint set out a short, plain statement of the claims showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). Under Rule 10(c) of the Federal Rules of Civil Procedure, written instruments attached to a complaint are incorporated and made a part of the complaint. The types of exhibits contemplated by Rule 10(c) are written instruments, such as contracts, that provide the operative basis of the claim. *See Rose v. Bartle*, 871 F.2d 331, 339 n. 3 (3d Cir.1989); *Perkins v. Silverstein*, 939 F.2d 463, 467 n. 2 (7th Cir.1991). Therefore, under D.N.M.LR-Civ. 10.4, exhibits are not to be attached to pleadings unless the documents form the basis of the action.

Plaintiff's Complaint and accompanying exhibits comprise 359 pages.[1] These voluminous filings do not constitute a "short and plain statement" under Rule 8. They render Plaintiff's Complaint vague and ambiguous and make it impossible for an opposing party to formulate any reasonable response to the Complaint. The Court will not comment on whether the exhibits may prove to support the allegations of Plaintiff's Complaint. However, due to the

---

[1] Plaintiff's 8-page Complaint [Doc. 1] is accompanied by 12 supplements totaling 260 pages of exhibits [Doc. 2]. Plaintiff has also filed a 6-page Supplemental Exhibit to the Complaint [Doc. 7] and an Addendum to the Complaint with 93 additional pages of exhibits [Doc. 15].

voluminous nature of the exhibits, it cannot be determined which, if any, form the basis of Plaintiff's action or how they may relate to the claims he asserts.

The Court will strike Plaintiff's Complaint, Supplements, Exhibits, and Addendum and will order Plaintiff to file an amended complaint that meets the requirements of Fed. R. Civ. P. 8 and D.N.M.LR-Civ. 10.4.  Plaintiff is notified that failure to comply with this Order may result in dismissal of the case.

**IT IS THEREFORE ORDERED:**

(1) Plaintiff's Verified Prisoner's Civil Rights Complaint and Supplements to Complaint, Exhibits to Complaint, Supplemental Exhibits to Complaint, and Addendum to Complaint [Docs. 1, 2, 7, 15] are struck pursuant to Rule 12(f)(1);

(2) Pursuant to Rule 12(e), Plaintiff is ordered to file an amended complaint setting forth a plain, simple, concise, and direct statement of his claim in compliance with Fed. R. Civ. P. 8 and D.N.M.LR-Civ. 10.4 no later than **February 26, 2016**.  The combined length of the amended complaint and any exhibits may not exceed **35 pages**; and

(3) Plaintiff's Motion to Amend or Supplement Complaint [Doc. 17] is **DENIED as moot** in light of the Court's order to file an amended complaint.

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**