IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ERIK KHAN,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　　　**No. 15-cv-1151 MV/SMV**

**CHRIS BARELA, BOARD OF COUNTY**
**COMMISSIONERS OF DOÑA ANA COUNTY,**
**ARAMARK CORPORATION,**
**BILL STICKLES, and JOHN DOE (BEAM),**

    **Defendants.[1]**

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE
THIRD AMENDED COMPLAINT, AMENDING THE CAPTION, AND DIRECTING
THE CLERK OF COURT TO DOCKET THE THIRD AMENDED COMPLAINT AND
TO ISSUE NOTICE AND WAIVER-OF-SERVICE FORMS**

THIS MATTER is before the Court on remand from the Tenth Circuit Court of Appeals. The mandate issued on April 17, 2020. [Doc. 95-1]. Also before the Court is Plaintiff's[2] Motion for Leave to File Third Amended Complaint [Doc. 96], filed on April 27, 2020. The Court will grant leave to amend and direct the Clerk's Office to re-docket the proposed Third Amended Complaint [Doc. 96] at 4–32 in its own docket entry as the Third Amended Complaint and further to issue notice and waiver-of-service forms for Defendants named therein.

**Background**

After Plaintiff's Second Amended Complaint [Doc. 70] was dismissed, Plaintiff appealed. The Tenth Circuit determined that certain of the Counts listed in the Second Amended Complaint did not state plausible claims for relief, and dismissal of those Counts was affirmed. [Doc. 95-1]

---

[1] This caption reflects the Defendants listed in the Third Amended Complaint.
[2] Plaintiff is incarcerated; he proceeds pro se and *in forma pauperis*.

(as to Counts 1, 2, 4, 5, 7, 8, 9, 13, 14, 15, 16, and 17). The Tenth Circuit also determined that certain of the Counts did state plausible claims for relief, and dismissal of those Counts was reversed. *Id.* at 6–11, 17–19 (as to Counts 3 and 6). Finally, the Tenth Circuit remanded other Counts for reevaluation or other action by this Court in the first instance. *Id.* at 21–30 (as to Counts 10, 11, and 12).

<u>The Court will grant the Motion for Leave to File Third Amended Complaint.</u>

Plaintiff's Motion for Leave to File Third Amended Complaint [Doc. 96] is his explicit attempt to remedy any deficiency noted by the Tenth Circuit and to present a pleading that conforms to the appellate court's decision. [Doc. 96] at 1. The Court has carefully reviewed the Second Amended Complaint [Doc. 70], the Tenth Circuit's Order and Judgment [Doc. 95-1], and Plaintiff's proposed Third Amended Complaint [Doc. 96] at 4–32. The Court finds that the proposed Third Amended Complaint is at least facially consistent with the Tenth Circuit's decision, presents no new cause of action, and survives initial screening under 28 U.S.C. § 1915 (2018). The Motion to Amend, [Doc. 96] at 1–3, should be granted.

<u>Free-Exercise Claim</u>[3]

With respect to Count 10 (in the Second Amended Complaint), the circuit court found that Plaintiff had not alleged "facts that explain[ed] why the usual justifications for the complained-of acts [did] not apply," [Doc. 95-1] at 28 (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1185 (10th Cir. 2010)). Count 10 alleged in relevant part that Defendants had substantially burdened Plaintiff's

---

[3] The free-exercise claim was labeled as Count 10 in the Second Amended Complaint. [Doc. 70] at 14–15, ¶¶ 133–51. In the proposed Third Amended Complaint, the claim is labeled as Count 3. [Doc. 96] at 16–18, 25–27, ¶¶ 81–101, 137–40.

2

religious exercise by denying him any clock, prayer schedule, or Muslim calendar.  [Doc. 70] at 15, ¶¶ 133–41.  The circuit court determined that Plaintiff's allegations plausibly alleged a substantial burden on the free exercise of his religion but did not allege facts regarding the "usual justifications" for the denial of the religious items.[4]  [Doc. 95-1] at 28 (quoting *Gee*, 627 F.3d at 1185).  The circuit court suggested two options.  On remand, the "district court [could] either require Khan to make the necessary allegations or allow defendants to proffer justifications for their conduct and then evaluate those justifications under *Turner v. Safley*.  *Id.* (citing *Kay v. Bemis*, 500 F.3d 1214, 1218–19 (10th Cir. 2007) (explaining that after a prisoner establishes a substantial burden, "defendants may identify the legitimate penological interests that justified the impinging conduct," at which "point[] courts balance the factors set forth in *Turner* . . . to determine the reasonableness of the regulation" (brackets and internal quotation marks omitted))).

In Plaintiff's proposed Third Amended Complaint, he adds allegations that the daily prayer schedules and Islamic observance calendars are readily available for free.  [Doc. 96] at 16, ¶¶ 85, 87.  Plaintiff's Count 3 (in the proposed Third Amended Complaint) is not subject to summary dismissal under § 1915.  Defendants remain free to proffer justification for their conduct and corresponding argument under *Turner*.

---

[4] "Because *Turner* [*v. Safley*, 482 U.S. 78 (1987)] allows prohibitions and restrictions that are reasonably related to legitimate penological interests, [an inmate] must include sufficient facts to indicate the plausibility that the actions of which he complains were *not* reasonably related to legitimate penological interests."  *Gee v. Pacheco*, 627 F.3d 1178, 1187–88 (10th Cir. 2010).  An inmate need not "identify every potential legitimate interest and plead against it."  *Id.*  But he must "plead facts from which a plausible inference can be drawn that the action was not reasonably related to a legitimate penological interest."  *Id.*  Doing so might require the inmate to "recite[] facts that might well be unnecessary in other contexts.  For example, . . . a prisoner claim may not be plausible unless it alleges facts that explain why the usual justifications for the complained-of acts do not apply."  *Id.* at 1185.

Establishment Claim and Equal-Protection Claim[5]

The circuit court determined that Counts 11 and 12 (in the Second Amended Complaint) had been dismissed pursuant to an incorrect legal standard. [Doc. 95-1] at 29. The circuit court directed this Court to remedy the error. *Id.* at 30. On review of Plaintiff's allegations in Counts 11 and 12 (in the Second Amended Complaint), [Doc. 70] at 15–17, and the corresponding allegations in the proposed Third Amended Complaint, [Doc. 96] at 18–22, 27–29, in light of the legal standards relevant to establishment and equal-protection claims, the Court finds that the claims are not subject to summary dismissal under § 1915.

Notice and Waiver-of Service Forms

Accordingly, the Court will direct issuance of notice and waiver-of-service forms. The Court will give Defendants an opportunity to waive service before ordering personal service by the U.S. Marshals Service. The costs of service may be imposed on Defendants if the Court finds they failed to waive personal service without good cause. *See* Fed. R. Civ. P. 4(d)(2).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Leave to File Third Amended Complaint [Doc. 96] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court **RE-DOCKET** the proposed Third Amended Complaint [Doc. 96] at 4–32 in its own docket entry as the Third Amended Complaint.

---

[5] The establishment claim was labeled as Count 11 in the Second Amended Complaint. [Doc. 70] at 15–17, ¶¶ 152–80. In the proposed Third Amended Complaint, the claim is labeled as Count 4. [Doc. 96] at 18–22, 27–28, ¶¶ 102–25, 141–44. The equal-protection claim was labeled as Count 12 in the Second Amended Complaint. [Doc. 70] at 16–17, ¶¶ 133–51. In the proposed Third Amended Complaint, the claim is labeled as Count 5. [Doc. 96] at 16–18, 28–29, ¶¶ 81–101, 145–46.

**IT IS FURTHER ORDERED** that the **CAPTION** be **AMENDED** to reflect only those Defendants named in the Third Amended Complaint, namely, Chris Barela, Board of County Commissioners of Doña Ana County, Aramark Corporation, Bill Stickles, and John Doe (Beam).

**IT IS FURTHER ORDERED** that, upon re-docketing of the proposed Third Amended Complaint [Doc. 96] at 4–32 (in its own docket entry as the Third Amended Complaint), the Clerk **ISSUE** notice and waiver-of-service forms, with copies of the Third Amended Complaint to each Defendant.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**