IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIK KHAN,

    Plaintiff,

v.                                                                                     No. 15-cv-1151 MV/SMV

**CHRIS BARELA, BOARD OF COUNTY**
**COMMISSIONERS OF DOÑA ANA COUNTY,**
**ARAMARK CORPORATION,**
**BILL STICKLES, and DAVID BEAM,**

    Defendants.[1]

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Plaintiff's Motion to Disqualify James A. Martinez and the law firm of Mounce, Green, Myers, Paxson, Safi, and Galatzon, P.C. from the Case for Unprofessional Conduct and Conflict of Interest [Doc. 142], filed on March 29, 2021. Defendants[2] responded on April 12, 2021. [Doc. 143]. Plaintiff's reply was docketed on May 10, 2021. [Doc. 144]. Having considered the parties' submissions, the record, and the relevant law, and being otherwise fully advised in the premises, I find that Plaintiff has failed to establish a compelling reason to disqualify counsel. Therefore, the Motion will be denied.

---

[1] This caption reflects the Defendants listed in the Third Amended Complaint, except that Plaintiff substituted Defendant David Beam for the John Doe Defendant on June 24, 2020. [Docs. 100, 109]. Moreover, Defendants Bill Stickles and David Beam were dismissed as parties on November 6, 2020. [Doc. 133]. Finally, in its Motion to Dismiss, Defendant Aramark states that its proper name is "Aramark Correctional Services, LLC." [Doc. 123].

[2] Plaintiff's Motion seeks to disqualify counsel for Defendants Chris Barela and Board of County Commissioners of Doña Ana County. [Doc. 142] at 1. Thus, "Defendants" refers to those two county Defendants.

**Background**

In this case, Plaintiff brought constitutional claims against multiple Defendants, including multiple county Defendants and two chaplains. *See generally* [Doc. 100]. At all relevant times, the chaplains were represented by Attorney James Martinez of the law firm Mounce, Green, Myers, Paxson, Safi, and Galatzon. *See* [Doc. 112] at 16. Plaintiff settled with the chaplains and agreed to dismiss the claims against them. [Doc. 130]; [Doc. 133]; [Doc. 142] at 2. The settlement agreement required Plaintiff to sign a Release of All Claims and Confidentiality Agreement, which he did. [Doc. 142-1] at 2–8. The Release purports to prohibit "the parties" from disclosing the terms of the settlement, although no one other than Plaintiff signed the Release. *Id.* at 4–5, 8.

After the claims against the chaplains were dismissed, Plaintiff received a letter from Attorney Martinez, stating that he would be taking over representation of the county Defendants. *Id.* at 3. The letter also made Plaintiff a settlement offer on behalf of the county Defendants, with the exact same terms and for the exact same amount as the settlement with the chaplains. *Id.* Plaintiff claims that Attorney Martinez and his firm should be disqualified from representing the county Defendants in this matter because: (1) he disclosed confidential information to the county Defendants, which violated the terms of the settlement and constitutes unprofessional conduct; and (2) representation of the county Defendants presents a conflict of interest.

**Legal Standard**

The Supreme Court has recognized that federal courts have certain implied powers that "are necessary to the exercise of all others." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *United States v. Hudson*, 11 U.S. 32, 34 (1812)) (internal quotation marks omitted). For example, "Courts of justice are universally acknowledged to be vested . . . with power to impose

silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Id.* (quoting *Anderson v. Dunn*, 19 U.S. 204, 227 (1821)). "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). A court's inherent powers must be exercised with restraint and discretion because "of their very potency." *Id.* "The authority of federal courts to disqualify attorneys derives from their inherent power to preserve the integrity of the adversary process." *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (internal quotation and citation omitted).

## **Discussion**

The local rules for the United States District Court for the District of New Mexico state: "The Rules of Professional Conduct adopted by the Supreme Court of the State of New Mexico apply except as otherwise provided by local rule or by Court Order." D.N.M.LR-Civ. 83.9. The Court will therefore look to the New Mexico Rules of Professional Conduct. An attorney's violation of the Rules of Professional Conduct does not necessarily warrant disqualification from representing a client in pending litigation. Rather, the penalty for a violation is typically disciplinary proceedings. *See* Scope, Rules of Prof. Conduct, NMRA ("Failure to comply with an obligation or prohibition imposed by a rule is a basis for invoking the disciplinary process. . . . [V]iolation of a rule does not necessarily warrant any other non-disciplinary remedy, such as disqualification of a lawyer in pending litigation.").

A party has a right to be represented by an attorney of his or her own choosing; however, that right is not absolute. *Sanders v. Rosenberg*, 1997-NMSC-002, ¶ 9. The Court may reject a

party's chosen counsel if a *compelling reason* exists that supports the disqualification of counsel. *Id.* "[T]he burden of establishing that counsel should be disqualified lies with the party seeking disqualification." *Roy D. Mercer, LLC v. Reynolds*, 2013-NMSC-002, ¶ 23 (quoting *Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 39).

Plaintiff argues that Defendants' counsel violated Rule 16-307(A), which states that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a *necessary* witness." (emphasis added). The Court has discretion to disqualify a party's chosen counsel when the counsel is a necessary witness under Rule 16-307. *Sanders*, 1997-NMSC-002, ¶ 9. However, disqualification of an attorney for violation of Rule 16-307 is not warranted unless the party seeking disqualification can establish that (1) "the attorney's testimony is material to an issue in the case," (2) "the evidence to be elicited from the attorney's testimony is not available from another source," and (3) "the attorney's testimony is potentially prejudicial to *his client's* case." *Chappell v. Cosgrove*, 1996-NMSC-020, ¶ 13 (emphasis added). Here, Plaintiff has made no effort to show that any of these conditions exist.

First, Plaintiff argues for disqualification under Rule 16-307 because Attorney Martinez might be called as a witness in a different lawsuit. [Doc. 142] at 4–5 (referencing *Khan v. Good News Jail & Prison Ministry*, No. 21-cv-0289 MV/LF). Plaintiff offers no authority, and the Court is aware of none, suggesting that an attorney may be disqualified in one case because he might be a material witness in another case. Second, Plaintiff seems to be arguing that the Rule operates to disqualify counsel because (as Plaintiff speculates) representatives of Good News Jail and Prison Ministry—his former clients' employer—may be called to testify in this case. [Doc. 144] at 3 n.5. However, that is not how the Rule works; the Rule applies when the *attorney*, not the client, is

4

expected to be a witness.[3] *See Chappell*, 1996-NMSC-020, ¶ 13. Plaintiff provides no argument that Attorney Martinez would be a necessary witness in this case, which makes disqualification based on Rule 16-307 unwarranted. *See id.*; *Sanders*, 1997-NMSC-002, ¶ 9.

Plaintiff also argues that Defendants' counsel violated Rule 16-804(C) and (D)[4] when he agreed to represent the county Defendants and presumably disclosed the terms of the settlement agreement, thus violating the confidentiality provision in the Release. [Doc. 142] at 4. In response, Defendants argue that there is no evidence of any such disclosure. Thus, there is no evidence of any actual misconduct, much less a significant violation or pattern of misconduct that would constitute a *compelling reason* for disqualification. *See Sanders*, 1997-NMSC-002, ¶ 9. The Court agrees in part. There is no evidence that counsel disclosed the terms of the prior settlement to Defendants. But even if he did, and assuming that was a breach of the settlement agreement, disqualification would not be the appropriate remedy. Disqualification of an attorney is a "drastic measure and a court should hesitate to impose it except where necessary." *Bolden v. United States*, 353 F.3d 870, 875 (10th Cir. 2003) (citation omitted). Thus, the Court will deny Plaintiff's Motion because he has not provided a compelling reason to disqualify counsel.[5] *See Sanders*, 1997-NMSC-002, ¶ 9.

---

[3] Again, the Supreme Court of New Mexico has stated that the party seeking disqualification under Rule 16-307 has the burden of establishing the necessity of an attorney's testimony as a witness at trial, holding:
> [A]n attorney may not be disqualified under Rule 16-307 absent a showing by the party seeking disqualification that the attorney's testimony is material to an issue in the case, that the evidence to be elicited from the attorney's testimony is not available from another source, and that the attorney's testimony is potentially prejudicial to his client's case.

*Chappell*, 1996-NMSC-020, ¶ 13. Here, Plaintiff has made no effort to show that any of these conditions exist.

[4] Rule 16-804(C)–(D) states that "[i]t is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit[,] or misrepresentation; [or to] engage in conduct that is prejudicial to the administration of justice."

[5] Disqualification simply is not the remedy here. Plaintiff is free to seek a remedy based on the alleged violations of Rules 16-307 and 16-804 by filing a complaint with the Disciplinary Board of the Supreme Court of New Mexico.

**Conclusion**

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Disqualify James A. Martinez and Mounce, Green, Myers, Paxson, Safi, and Galatzon, P.C. from the Case for Unprofessional Conduct and Conflict of Interest [Doc. 142] be **DENIED.**

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR
United States Magistrate Judge**

---

*See* https://nmdisboard.org/. Plaintiff is also free to seek a remedy through a separate action for violation of the terms of the settlement, which he has already initiated. *See Khan v. Good News Jail & Prison Ministry*, No. 21-cv-0289 MV/LF.